# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### CIVIL ACTION NO. 1:15-CV-00096-GCM

| | |
|---|---|
| BRIAN D. MOTE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Brian Mote's Motion for Summary Judgment (Doc. No. 12) and Memorandum in Support (Doc. No. 12-1), both filed October 26, 2015, Defendant Commissioner's Motion for Summary Judgment (Doc. No. 13) and Memorandum in Support (Doc. No. 14), filed on December 15, 2015, and Plaintiff's Reply (Doc. No. 16), filed on January 19, 2016. Plaintiff, through counsel, seeks judicial review of the Administrative Law Judge's determination, upheld by the Appeals Council, that he was not disabled within the meaning of the Social Security Act. For the following reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**, Defendant's Motion is **DENIED**, and the Commissioner's Decision is **VACATED**. This matter will be remanded to the Social Security Administration for further proceedings consistent with this Order.

## I. BACKGROUND

On September 6, 2013, Plaintiff Brian D. Mote filed a Title II application for a period of disability and disability insurance benefits, alleging a disability onset date of April 9, 2010. (Tr. 20) Plaintiff's claims were initially denied on December 19, 2013, and upon reconsideration on July 2, 2014. (*Id.*) He filed a written request for a hearing on July 21, 2014, and accordingly, a

hearing was convened on November 7, 2014 before Administrative Law Judge ("ALJ") Charles R. Howard. (*Id.*) Plaintiff, represented by counsel, testified at the hearing, as did an impartial vocational expert. (*Id.*)

On November 20, 2014, the ALJ issued a written opinion finding that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 30) On April 1, 2015, the Appeals Council denied Plaintiff's request for review, and thus the ALJ's determination became the Commissioner's final decision in this case. (Tr. 1)

Pursuant to 42 U.S.C. § 405(g) Plaintiff has a right to review of the Commissioner's decision. He timely filed this appeal on May 21, 2015 (Doc. No. 1), and the parties' cross motions for summary judgment are now ripe for disposition.

## II. STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner in social security cases is authorized pursuant to 42 U.S.C. § 405(g) and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* District courts do not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Rather, they must uphold the decision of the Commissioner, even in instances where they would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. *Lester v.*

*Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig*, 76 F.3d at 589. The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. *Hays*, 907 F.2d at 1456. The issue on appeal, then, is not whether Plaintiff is disabled, but whether the ALJ correctly applied the relevant law and reached a finding that is supported by substantial evidence.

## III.    ANALYSIS

The ALJ's inquiry was whether Plaintiff was "disabled" between his alleged onset date of April 9, 2010 and the ultimate decision date, November 20, 2014. In order to review the ALJ's determination, this Court begins with the five step sequential evaluation process that each ALJ must use, pursuant to 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920, for deciding a disability claim. If the ALJ determines that a claimant is conclusively disabled, or not disabled, at any step, the inquiry ends and the ALJ need not proceed to the other steps. Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medically determinable impairment or a combination of impairments that is severe and meets the twelve month durational requirement set forth in 20 C.F.R. § 404.1509 and 20 C.F.R. § 416.909; (3) whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and, if unable to perform the requirements of past relevant work, (5) whether the claimant is able to adjust to other work, considering his RFC and vocational factors (age, education, and work experience). If the claimant is able to adjust to other work, he will be found not disabled. 20

C.F.R. § 404.1520(a)(4)(i-v); *id*. § 416.920(g). The claimant bears the burden of production and proof during the first four steps of the inquiry. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work is available in sufficient numbers in the national economy which the claimant could perform. *Id.* at 1205 (citation omitted).

In this case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of April 9, 2010. (Tr. 22) At step two, he concluded that Plaintiff had the following severe impairments: degenerative disc disease, left shoulder disorder, chronic obstructive pulmonary disease, hearing loss, depression, and anxiety. (Tr. 22) The ALJ also noted that Plaintiff alleged additional impairments, including high blood pressure, Bell's Palsy, and an ankle issue, but concluded that these ailments were not severe. (Tr. 22-23)

Next, at step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments in the Listings. (Tr. 23) Specifically, the ALJ found that Plaintiff's mental impairments did not medically equal any impairment listed under section 12.00 of the Listings because Plaintiff had failed to establish that he met at least two of the "paragraph B" criteria. (Tr. 23) To establish an impairment that meets one of the 12.00 Listings, a claimant must demonstrate two of the following paragraph B criteria: (1) marked restrictions in activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; and (4) repeated episodes of decompensation, each of extended duration. (Tr. 23) The ALJ considered these criteria and found that Plaintiff had a mild restriction in activities of daily living, moderate difficulties in social functioning and concentration, persistence, and pace, and no episodes of decompensation. (Tr. 23) Accordingly,

4

the ALJ found that Plaintiff's medical impairments were not severe enough to meet or medically equal any of the 12.00 Listings.

At step four, the ALJ determined that Plaintiff was unable to perform his past relevant work as an auto mechanic or corrections officer. (Tr. 28) However, the ALJ did find that Plaintiff had the residual functional capacity ("RFC") to perform light work, with the exception that he can only occasionally climb, balance, stoop, kneel, crouch, crawl, and reach overhead with the left upper extremity. (*Id.*) The ALJ concluded that Plaintiff should avoid concentrated exposure to pulmonary irritants and hazards, and that he should avoid work that requires acute hearing abilities. (*Id.*) Finally, the ALJ found that Plaintiff's mental impairments required some additional restrictions. He limited Plaintiff to simple, routine, repetitive tasks that could be divided into 2 hour segments and require no more than occasional interaction with the public, co-workers, and supervisors. (*Id.*)

Finally, the ALJ considered Plaintiff's residual functional capacity, along with his age, education, and work experience, to determine whether he could perform jobs that existed in significant numbers in the national economy. As the ALJ explained, Plaintiff was 45 years old at the time of the hearing, and thus considered a younger individual under 20 C.F.R. § 404.1563. (Tr. 28) The ALJ also noted that Plaintiff had at least a high school education and was able to communicate in English. (*Id.*) He determined that transferability of job skills was not material to the determination in light of Plaintiff's other characteristics. (*Id.*) In light of this information, the Medical Vocational Guidelines would have directed a finding of "not disabled" if Plaintiff could perform the full range of light work. (*Id.* at 29) However, because Plaintiff had additional restrictions, the ALJ asked the vocational expert to opine on the availability of jobs that could accommodate those limitations. (*Id.*)

The vocational expert testified that Plaintiff could perform the requirements of representative occupations such as an inspector, sorter, and table worker. (*Id.*) He further informed the ALJ that, in the aggregate, there are approximately 4,000 or more jobs in the local economy that Plaintiff could perform, and at least 2,800,000 jobs in the national economy. (*Id.*) The ALJ determined that the vocational expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles, and thus that Plaintiff was capable of making a successful adjustment to work that existed in significant numbers in the national economy. He held that a finding of "not disabled" was therefore appropriate. (*Id.*)

On appeal, Plaintiff presents three assignments of error: (1) the ALJ failed to give proper weight to the Veterans Administration's finding of 100% disability and unemployability, as required by *Bird v. Commissioner of Social Security Administration*, 699 F.3d 337 (4th Cir. 2012); (2) the ALJ's analysis of whether Plaintiff's mental impairments meet or medically equal one of the Listings was deficient; and (3) the ALJ's RFC and hypothetical were not supported by substantial evidence and failed to meet the requirements of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).

The Court begins with Plaintiff's first assignment of error. In *Bird v. Commissioner of Social Security Administration*, the Fourth Circuit explained that "a disability rating by [the Veteran's Administration ("VA")] is highly relevant to the disability determination" of the Commissioner. 699 F.3d at 343. Accordingly, the VA's rating "cannot be ignored and must be considered." *Id.* (quoting SSR No. 06–03p, 2006 SSR LEXIS 5, at *17). Nevertheless, because the relevant regulations are not identical, the alleged onset dates may vary between the two agencies, and the Commissioner retains the authority to make the final determination of disability, the other agency's decision is "not binding on the SSA." *Id.* (citing 20 C.F.R. §§

404.1504, 404.1512(b)(5)). In sum, the court held that "the SSA must give substantial weight to a VA disability rating. However . . . an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Id.*

In this instance, the VA considered Plaintiff's mental and physical impairments using an effective date of April 9, 2010—the same date that the ALJ used in making its decision. (Doc. No. 12-1) On February 26, 2014, the VA informed Plaintiff of its determination that he was 100% disabled "due to [his] service connected disabilities." (Tr. 144, 146) The VA arrived at its disability rating by determining that his chronic depression resulted in a 70% disability, his recurrent Bell's Palsy with left sided permanence contributed 20% disability, and the remaining 10% was accounted for by a variety of impairments, including degenerative joint disease of the thoracolumbar spine, right ankle sprain, discogenic cervical spine pain with episodic motor radiculitis, bilateral hearing loss, tinnitus, and seasonal allergic rhinitis with episodic sinusitis. (Tr. 298) The agency based its determination on evidence obtained at two contract examinations, conducted on September 25, 2012 and January 21, 2013. (Tr. 340)

The agency further listed specific reasons for its conclusion that Plaintiff's depression was 70% disabling, citing: (1) difficulty adapting to a workplace setting; (2) difficulty adapting to stressful circumstances; (3) difficulty adapting to work; (4) impaired impulse control; (5) near-continuous depression affecting the ability to function independently, appropriately, and effectively; (6) occupational and social impairment with reduced reliability and productivity; (7) difficulty establishing and maintaining effective work and social relationships; (8) disturbances of motivation and mood; (9) flattened affect; (10) short and long term memory impairment; (11) chronic sleep impairment; and (12) panic attacks. (Tr. 340) The VA also explained that Plaintiff's Bell's Palsy was considered to be 20% disabling because it caused him "severe" but

"incomplete paralysis." (Tr. 341) The VA further noted that Plaintiff's GAF score was 50, which indicated "serious symptoms" or a "serious impairment in social, occupational, or school functioning." (Tr. 340) This information was in the record during the administrative hearing, and the ALJ conducted the following analysis:

> The undersigned has considered the Disability Ratings by the Veteran's Affairs Medical Center. In the most recent Disability Rating, the claimant was granted entitlement to the 100% rate effective April 9, 2010, because the claimant was unable to work due to his service-connected disabilities. The undersigned has considered the disability ratings, but notes that an opinion that the claimant is disabled is reserved to the commissioner and, as such, is given little weight.

(Tr. 27 (citations omitted))

Because the ALJ failed to give the VA's determination "substantial weight," as required by the Fourth Circuit's opinion in *Bird*, the only remaining question of this Court is whether "the record before the ALJ clearly demonstrate[d]" assigning the VA's disability rating "little weight" was appropriate. *See Bird*, 699 F.3d at 343. The Commissioner concedes that the ALJ's analysis was inadequate, but argues that other medical evidence in the record was sufficient to justify the ALJ's determination. (Defendant's Memorandum in Support at 6, Doc. No. 14)

Specifically, Defendant cites a March 2011 assessment by Dr. Geoffrey Urbaniak, a VA psychologist, in which he opined that Plaintiff did not meet the full criteria for post-traumatic stress disorder ("PTSD"). (Tr. 26, 384) Rather, Dr. Urbaniak found that Plaintiff presented with anxiety disorder and major depressive disorder. (Tr. 26, 384) Additionally, Defendant points to the opinions of two state psychological consultants who examined Plaintiff and determined that he could (1) maintain attention and concentration for two hours at a time; (2) accept directions and maintain adequate workplace relationships; and (3) adapt to workplace changes, avoid obstacles and hazards, arrange for transportation, and plan other work activities. (Tr. 27, 67-69, 80-82) Because the ALJ considered all of this information, as indicated in other portions of his

opinion, Defendant argues that the record as a whole supports the ALJ's determination that the VA's disability rating was entitled to little weight and that Plaintiff was not disabled within the meaning of the Social Security Act.

This Court does not agree that Plaintiff's medical record clearly shows that the ALJ's decision was correct. In a recent unpublished opinion, the Fourth Circuit cautioned this Court against affirming an ALJ's finding when it is "devoid of reasoning," unless the claimant's medical record is "so one-sided that one could clearly decide [the question], without analysis." *Brown v. Colvin*, No. 14-2106, 2016 WL 502918, at *2 (4th Cir. Feb. 9, 2016). The court further cautioned against "engaging in fact-finding 'in the first instance'" where the ALJ failed to do so during an initial hearing. *Id.* In this instance, Mote's medical history is not "so one-sided" that the ALJ was clearly justified in discounting the VA's 100% disability rating without analysis. Indeed, the VA supported its disability rating with numerous findings that Plaintiff was unable to adjust to a work settings, tasks, and relationships as a result of his major depressive disorder. Moreover, to the extent Defendant attempts to rely on Dr. Urbaniak's diagnosis of major depressive disorder, rather than PTSD, this effort is misplaced. Both the VA and the ALJ appear to be in agreement that Plaintiff's major depressive disorder is a severe impairment despite the fact that it has not been classified as PTSD. For this reason, the mere existence of a more serious mental limitation is not relevant to the determination of whether the impairment Plaintiff has is disabling. Additionally, the Court cannot agree with Defendant that the state agency consultants' examinations, standing alone, are sufficient to render Plaintiff's medical record "one-sided." Accordingly, the Court will order that the Commissioner's decision be vacated and this matter remanded for further proceedings.

Because the Court agrees with Plaintiff that the ALJ did not give adequate consideration

9

to the Veterans Administration's disability determination, this opinion does not address all of Plaintiff's asserted errors. However, on remand, the ALJ may consider the additional assignments of error if necessary.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**, Defendant's Motion is **DENIED**, and the Commissioner's Decision is **VACATED**. This matter will be remanded to the Social Security Administration for further proceedings consistent with this Order.

**SO ORDERED.**

Signed: April 11, 2016

Graham C. Mullen
United States District Judge